Chief Justice Robertson
delivered the opinion of the Court.
Th-s isa sail in chancery, instituted bv William Oldham vs. Levi Parish, for a convey» aiice of a tract of land, of 100 acres on the Kentucky river, in Madison county, according to the tenor of a bond purporting to have been executed by Parish to Thomas Baldwin in 1803, and which was assigned by Baldwin to William Jennings in 1810, and by Jennings to Oldham in 1824.
The bill prayed that Baldwin and Jennings, as well as Parish, should be made defendants.
Thehond stipulates that, within a reasonable time, Levi Parish would cither make to Baldwin a general warrant* deed to the land, or cause William Parish, in whom the legal title then was, to do it for him.
*545 A subpoena directed to the sheriff of Madison, was returned as to all three, “no inhabitants.”
There was never any service upon or appearance by Jennings. Baldwin was made a defendant by constructive service by publication, but did not answer the bill.
Parish appeared and filed his answer, in which he hesitatingly, and somewhat doubtingly, denied the execution of the bond. He stated that he held a bond on his father, William Parish for the title, which he assigned to Baldwin before 1803, and which Baldwin accepted in lieu of a bond which he had given him in 1800, or 1801 for the title to the land, and that thereupon his bond to Baldwin had been, or was, by agieement, to have been surrendered; but that this bond having been executed before 1803, the one exhibited in the bill could not be, as he inferred, genuine; that his father afterwards bought from Baldwin his right to the land, and took up his bond, which is exhibited with the answer; and that he (Levi Parish,) effterwards, bought from his father, who in consequence thereof, made him a deed for it in 1816. On these grounds, and the lapse of time, he relied fi>r resistance to the prayer for a specific execution.
The evidence is various and confused, and therefore, its proper effect is doubted. There is much testimony conducing to prove that the contract was made about the year 1800; that Baldwin lived on the land until 1803, when he abandoned it; that William Parish thereupon took the possession of it, claiming it as his own, and alleging that he had bought it back from Baldwin; that Levi Parish did not sign the bond now relied upon, and that William Parish and those claiming under him, had occupied the land ever since 1803. This testimony is not, however, perfectly consistent and satisfactory.
On the other hand, there is evidence conducing to prove that the sale was in 1803, and that the bond on vvnich the suit is founded, was execufc d in that year, and some other slight corroborating facts are proved, or may be negatively inferred.
The circuit court decreed a specific exaculior-This decree is now objected to on three grounds:
Autiou, for breach of cov-enantor bond, for conveyance of land, is transitory, apd the remedy for, exclusively in per-sonam, and not inrem. Circuit court, of county in •which tho land lies, has no jurisdiction of a bill, for specific performance of bond for conveyance of land, unless process be served on defendant in that county, or unless def’t enter an appearance, without objecting to the jurisdiction. "Whenever cause of action is transitory, service of the subptena on def’t in the county, in which the bill is filed, gives jurisdiction to circuit o'oui't of that county. So, in such cases, a voluntary appearanae and answer by def’t, without filing a plea to the jurisdiction, will be considered a waiver ofthe objection.
*546 1st. The want of jurisdiction in the Madison circuit, court.
2d. The want of proof of payment of the consideration.
3d. The lapse of time, and uncertainty as to the genuineness of the boud.
The first objection must be unavailing. The appearance and answer by Parish without a plea to the jurisdiction, amount toa waiver of the objection.
The subject matter was transitory. The remedy is not Hn rem.” but exclusively Hn personam.” Therefore, as none of those against whom the bill was filed, were in Madison county, and no process was served on them there, if they had objected to the jurisdiction, orif there had been no appearance, the circuit court of Madison could not have taken cognizance of the bill. But if the subpoena had been served on Parish in Madison, although he lived in Indiana, this service would, fin this case, as in debt or other transitory cause of action, have given jurisdiction-^) the court of Madison. His appearance without service must have the same effect, unless he had objected to the jurisdiction.
The 2nd objection is equally unavailing. The tes-' timony does not show satisfactorily the payment of the whole consideration, but the entire payment of it is averred in the bill, and the answer does not deny it.
But the 3rd objection is-more formidable. The chancellor should exercise a sound legal jurisdiction on application for the specific enforcement of contracts. As the complaining party will not be deprived of any-legal right by withholding specific redress in chancery, the chancellor should not grant him -re^ lief unless he can show clearly that he is equitably entitled to it. In this case tho claim to equitable relief, is not satisfactorily sustained. The genuineness of the bond is left in serious doubt. If the bond be genuine, it is very doubtful whether it has not been merged by a subsequent contract; and these perplexing difficulties are increased and rendered insuperable in equity by the lapse of time, and the long abandonment of possession and apparent acquiescence by *547 Baldwin, and those claiming the benefits of the bond. In decreeing a specific execution under such circumstances, the chancellor incurs imminent hazard of doing injustice, and might establish a dangerous and no> vel precedent.
Chancellor shoald exercise a sound legal discretion, on application for spe • cific enforcement of contracts. Chancellor should not grant specific redress, unless-complainant'7 shew clearly that he is equitably en-. titled to it
Turner, for plaintiffs.
It is therefore our opinion, that the decree is improvident and unauthorized. The holder of the bond should be left to his legal remedy. If he can satisfy a jury that he has a just title to reparation, a verdict iu damages may afford him ample redress.
It may be possible,, that when the first contract was made, Levi Parish assigned to Baldwin the bond on William Parish: and that, as that only required a special warranty, it may have been taken up, and the bond exhibited in this case, substituted for it. This hypothesis would tend to reconcile all the* discordant facts more satisfactorily than any other conjecture, and it is the only one which could entitle Oldham to a decree. But we are not disposed to say, or even to intimate that there is sufficient evidence to warrant this construction by a jury. As the parties may yet appeal to another tribunal for a decision on their rights, this court will leave them unembarrassed by any suggestion of its opinion on the tendency, or effect of the facts, except so far as they operate on the conscience and regulated discretion of a chancellor. The facts do not justify the decree. Nor is it necessary to determine whe'her there is any defect of parties.
The'decree is reversed, and the cause is remande^ with instructions to dismiss the bill without prejudice I'D a suit at law.